# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY KIRKLAND,** | : | **CIVIL NO. 1:CV-13-2588** |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JOHN KERESTES, et al.,** | : | |
| Defendants | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | |
|---|---|---|
| **BARRY KIRKLAND,** | : | **CIVIL NO. 1:CV-13-2841** |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JOHN KERESTES, et al.,** | : | |
| Defendants | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## MEMORANDUM

Barry Kirkland ("Kirkland"), an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Pennsylvania, filed the above civil rights complaints pursuant to 42 U.S.C. § 1983. Named as Defendants in each of these actions are John Kerestes, Superintendent at SCI-Mahanoy, and Edward M. Marsico, Jr., the District Attorney of Dauphin County, Pennsylvania. Kirkland proceeds in forma pauperis in these matters.[1] For the reasons that follow, Civil Action No. 1:CV-13-2841 will be consolidated into Civil Action No. 1:CV-13-2588 pursuant to Federal Rule of Civil Procedure 42(a), and the consolidated matter will proceed under Civil Action No. 13-2588, which was the initially filed action. The consolidated complaint will be dismissed

---

[1] In each of the above actions, Kirkland completed this Court's form application for leave to proceed in forma pauperis and authorization form. Administrative Orders were thereafter issued directing the warden at SCI-Mahanoy to commence deducting the full filing fee for each action from Kirkland's prison trust fund account.

pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. This dismissal is without prejudice to any right Kirkland may have to pursue his claims in a petition for writ of habeas corpus.

I.      **Consolidation of Complaints**

Kirkland filed Civil Action No. 13-CV-2588 on October 18, 2013, pursuant to 42 U.S.C. § 1983. He names Kerestes and Marsico as Defendants. In the complaint, Kirkland alleges that Kerestes is maintaining unlawful custody of him without authorization and against his will. He further alleges that Marsico prosecuted him and gained a conviction that resulted in his unlawful confinement. He claims that Marsico refuses to correct matters that have resulted in his confinement. As relief, Kirkland seeks monetary damages for his unlawful confinement. He also seeks his immediate release.

On November 21, 2013, Kirkland filed the second action captioned above pursuant to 42 U.S.C. § 1983, Civil Action No. 13-CV-2841. Kerestes and Marsico are named as Defendants. In the complaint, Kirkland sets forth the same claims against Defendants as in his earlier action. The only notable difference is that Kirkland attaches two (2) exhibits to his complaint. The first exhibit is an "Agency Attestation" from the Records Supervisor at SCI-Mahanoy. The second exhibit is a docket sheet from the Pennsylvania Supreme Court. Both exhibits are in support of Kirkland's claims that he is being held unlawfully. He again requests his release and an award of monetary damages for his illegal confinement.

Federal Rule of Civil Procedure 42(a) provides as follows:

**(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matter at issue in the actions;

2

>    (2) consolidate the actions; or
>
>    (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The allegations and Defendants set forth in both of Kirkland's actions are identical. Consequently, since the actions contain common factors of law and fact, the Court will consolidate the two actions pursuant to Rule 42(a), and proceed with the consolidated matter under the initially filed action, Civil Action No. 13-CV-2588. The Clerk of Court will be directed to close the later filed action, Civil Action No. 13-CV-2841.

## II.     Screening of Consolidated Complaint

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v.

Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

First, it is clear that Kirkland challenges his underlying conviction and his current confinement resulting therefrom. He believes that he is being held unlawfully. Kirkland must pursue any such claims in a petition for writ of habeas corpus. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's sentence or to seek

earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  He is free to file a habeas corpus petition if he so chooses, however the Court expresses no opinion as to the ultimate success of any petition filed.

Further, Kirkland's request for damages resulting from his alleged illegal confinement is also subject to dismissal.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Accordingly, the instant consolidated complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.